## Union Drainage District No. 1 of the Towns of South Homer and Sidell v. Drainage District No. 1 of the Towns of Vance and Sidell.

DRAINAGE ACT—*by whom damages for benefits should be determined.* In an action under the Drainage Act by one drainage district against another for the recovery of benefits, the benefits should be assessed by the court and not by the jury impaneled for that purpose.

Proceeding under Drainage Act for recovery of benefits. Error to the County Court of Vermilion county; the Hon. CHARLES S. WHITE, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

RAY, DOBBINS & RILEY and J. B. MANN, for appellant.

REARICK & MEEKS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action under the Drainage statute for the recovery of benefits thereafter to be received by the defendant district by reason of the proposed deepening and enlarging of the drainage ditch of the plaintiff district, judgment was rendered in favor of the plaintiff for $1,000, to reverse which this appeal is prayed by the defendant. The act upon which the suit is predicated provides that when a lower district enlarges or improves its ditches or canals or extends its outlet so as to benefit the lands of an upper district, such upper district so benefited shall be liable to the lower

district "for the just proportion of the cost of the work * * * as such upper district will be benefited by the work of such lower district." Section 2 of the act provides that if the commissioners of the respective districts cannot agree upon the amount the upper district shall pay, the commissioners of the lower district may bring suit in the County Court where such lower district was organized. Section 4 provides that the "court" shall determine from the evidence what sum, if any, the lower district shall receive from the upper district. Section 5 provides that it shall not be necessary for the plaintiff to prove that it has completed the work of enlarging its ditches in order to recover. Section 6 provides that the commissioners of the upper district shall levy the amount of the judgment upon the lands of their district to pay such sum. Rev. Stat. 1905, page 837. When the cause came on for hearing, a jury was impaneled, over the objection of the defendant, to which the issues were submitted. A verdict was returned in favor of the plaintiff for the sum of $1,000, upon which the present judgment was rendered. We are of opinion that the trial court erred in submitting the issues to a jury. The third section of the act in question, provides that the cause shall be heard at any probate or common law term and that the practice shall be as in cases at common law, and, as we have seen, the fourth section provides that "upon the hearing of the cause the court shall determine from the evidence what sum, if any, the lower district shall receive," etc. The latter section clearly contemplates that the amount to be assessed, if any, shall be determined by the judge who presides over the court, and not by a jury. The provision of the third section, *supra*, to the effect that "the practice shall be as in cases at common law," obviously relates to the manner in which the issues shall be formed and determined, and not as to by whom. For the error indicated, the judgment must be reversed and the cause remanded,

and it will be unnecessary now to determine the other questions presented and argued by counsel.

*Reversed and remanded.*